UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SAVITRI PANDEOSINGH ,

                     Plaintiff ,

    -against-

AMERICAN MEDICAL RESPONSE, INC. and
GLOBAL MEDICAL RESPONSE

                    Defendants.
-------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 09-CV-5143 (FB)

*Appearances:*
*For the Plaintiff:*
MERYL SANDERS VIENER, ESQ.
EDWARD JOHN NITKEWICZ, ESQ.
JOSEPH B. VIENER, ESQ.
Sanders, Sanders, Block, Woycik, Viener &
Grossman, P.C.
100 Herricks Road
Mineola, NY 11501

TERRENCE P. COLLINGSWORTH, ESQ.
PIPER M. HENDRICKS, ESQ.
Conrad & Scherer LLP
1156 15th St Nw
Suite 502
Washington, DC 20005

*For the Defendants*:
TIMOTHY P. COON, ESQ.
Calinoff & Katz, LLP
245 Fifth Avenue, 10th Fl.
New York, NY 10016

**BLOCK, Senior District Judge:**

        Plaintiff Savritri Pandeosingh brings this action against defendants American

Medical Response, Inc. ("AMR") and Global Medical Response ("GMR") for injuries she

sustained while riding in an ambulance in Trinidad and Tobago.  Defendants move to

1

dismiss the complaint for lack of personal jurisdiction and on *forum non conveniens* grounds. For the reasons stated below, the motion is denied.

## I

The following facts are taken from the plaintiff's complaint and the parties' affidavits and declarations submitted on this motion.[1]  In March 2008, plaintiff was in Trinidad and Tobago, riding in an ambulance with her sister and niece on the way to a hospital.   The vehicle "exploded and burst into flames" and the driver and paramedic abandoned it, leaving the passengers trapped.  Compl. ¶ 15.  Plaintiff and her sister were severely burned.

The ambulance was owned and operated by Global Medical Response of Trinidad and Tobago ("GMRTT"), allegedly a joint venture between AMR, a provider of ambulance services, and a non-party.  GMR is a wholly owned subsidiary of AMR and oversees its international operations, including GMRTT.  The complaint alleges that AMR, GMR and GMRTT "operate as a single enterprise."  Compl. ¶ 9.  Both defendants are Delaware corporations with their principal place of business in Colorado.

It is undisputed that plaintiff is a citizen of Trinidad and Tobago and that she resided there at the time of the accident.  According to plaintiff's declaration, she currently

---

[1]When determining "a motion to dismiss for forum non conveniens, the court may consider affidavits submitted by the moving and opposing parties." *Vanity Fair Mills, Inc. v. T. Eaton Co.*, 234 F.2d 633, 645 (2d Cir. 1956).  The Court may also rely on affidavits in deciding a motion to dismiss for lack of personal jurisdiction.  *See S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 138 (2d Cir. 2010).

lives in Queens, New York with her daughter, a United States permanent resident.  Plaintiff first obtained a visa to enter the United States in 2006, and she has been visiting family in New York for "several months" every year since.  Pl. Decl. ¶ 2.  After the ambulance fire, Pandeosingh received medical care in Trinidad and Tobago for approximately two weeks.  She was then transferred to a hospital in Miami, Florida, where she received four months of intensive burn treatments and psychological counseling.  She returned to Trinidad and Tobago in September 2008 and received medical care there.  In March 2009, plaintiff traveled to New York to live with her daughter and obtain further medical care.  Although it is unclear whether plaintiff has remained here continuously since then, she plans to seek to renew her current visa and "remain in New York as long as [she is] legally able."  Pl. Decl. ¶ 12.

Pandeosingh first filed suit against AMR, GMR and GMRTT in Florida in April 2009, but that action was dismissed in July 2009 for lack of personal jurisdiction.  *See Pandeosingh v. American Medical Response, Inc.*, No. 09-60776, 2009 WL 2780884, *2 (S.D. Fla. 2009).  She then commenced this personal injury action against AMR and GMR in New York Supreme Court, Queens County, in October 2009.  Defendants removed it to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## II

A district court has authority to dismiss a case on *forum non conveniens* grounds without first resolving whether it has personal jurisdiction over the defendants.

*See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 425 (2007). The Court will therefore first address defendants' contention that the case should be dismissed on *forum non conveniens* grounds and tried in Trinidad and Tobago. The Second Circuit has set forth a three-step analysis for *forum non conveniens* motions: first, the Court must determine the degree of deference to accord plaintiff's choice of forum; second, the Court must consider whether an adequate alternative forum exists; and, third, the Court must weigh relevant public and private interests. *See Iragorri v. United Technologies Corp.*, 274 F.3d 65, 71-75 (2d Cir. 2001).

**A.  Deference due plaintiff's choice of forum**

Any *forum non conveniens* analysis "starts with 'a strong presumption in favor of the plaintiff's choice of forum,'" *Norex Petroleum Ltd. v. Access Industries, Inc.*, 416 F.3d 146, 154 (2d Cir. 2005) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981)), which defendant bears the burden of overcoming, *see Iragorri*, 274 F.3d at 71. "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Iragorri*, 274 F.3d at 71 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

A plaintiff who files in her home forum is entitled to "the greatest deference," while a foreign plaintiff is entitled to "less deference," *see Norex* at 154, but "the degree of deference . . . moves on a sliding scale depending on several relevant considerations," *Iragorri*, 274 F.3d at 71. The guiding principle is that "the greater the plaintiff's or the

4

lawsuit's bona fide connection to the United States and to the forum of choice and the more
it appears that considerations of convenience favor the conduct of the lawsuit in the United
States, the more difficult it will be for the defendant to gain dismissal for *forum non
conveniens*." *Id.* at 72. Thus, a higher degree of deference may be owed to plaintiff's forum
choice based on "the convenience of the plaintiff's residence in relation to the chosen
forum, the availability of witnesses or evidence to the forum district, the defendant's
amenability to suit in the forum district, the availability of appropriate legal assistance, and
other reasons relating to convenience or expense." *Id.* In contrast, "the more it appears
that the plaintiff's choice of a U.S. forum was motivated by forum-shopping reasons . . . the
less deference the plaintiff's choice commands." *Id.*

      Pandeosingh's residence in New York – where she has been living, at least
intermittently, since March 2009 – entitles her choice of forum to a great degree of
deference. Although the same deference would not apply if she had "adopted a U.S.
residence for the purpose of having [her] suit tried in a U.S. Court," *id.* at 72 n.3, the Court
credits Pandeosingh's declaration that she moved to New York because her burns rendered
the climate in Trinidad uncomfortable and the medication she requires is not available
there. Moreover, given the amount of close family she has in New York – her daughter,
most notably, but also two brothers, five sisters, and "numerous" nieces, nephews and
cousins – her decision to move here after her accident does not appear to motivated by
forum-shopping. In addition to the convenience of plaintiff's residence, plaintiff has other

valid reasons for her forum choice, including the location of her most recent doctors and medical records and the availability of appropriate legal assistance. *See id.* at 72.

**B. Availability of an adequate alternative forum**

Next, the Court must determine whether an adequate alternative forum is available. "An alternative forum is adequate if the defendants are amenable to service of process there, and if it permits litigation of the subject matter of the dispute." *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 75 (2d Cir. 2003).

The defendants have stated that, should the Court dismiss on *forum non conveniens* grounds, they would be amenable to service of process in Trinidad and Tobago and would waive any statute of limitations defenses. The Court thus has the option of dismissing without prejudice and allowing plaintiff to reinstate her case if the defendants fail to honor this commitment. *See USHA (India), Ltd. v. Honeywell Intern., Inc.*, 421 F.3d 129, 135-136 (2d Cir. 2005).

With respect to litigation of the disputed subject matter, the crux of plaintiff's claim is that either the accident was due to defendants' negligence or, to the extent GMRTT was the negligent party, AMR and GMR are vicariously liable. According to an affidavit the defendants have submitted from an attorney practicing in Trinidad and Tobago, it is a common law country which recognizes negligence claims for damages. Plaintiffs respond that defendants have failed to show the existence of a cause of action for vicarious liability in Trinidad and Tobago. There is no requirement, however, that the alternative

6

forum provide an "identical cause of action," so long as its courts are equipped to "adequately address the underlying controversy." *PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.*, 138 F.3d 65, 74 (2d Cir. 1998); *see also Palacios v. The Coca-Cola Co*, 757 F.Supp.2d 347, 357 (S.D.N.Y. 2010) (rejecting plaintiffs' argument that Guatemala was an inappropriate alternative forum because it did not allow for vicarious liability).[2] Defendants have succeeded in demonstrating that Trinidad and Tobago is an adequate alternative forum.

## C.  Balance of interests

Finally, the Court must weigh public and private interests to determine which forum is appropriate.  Private interest factors include "'the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Iragorri*, 274 F.3d at 74-75 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).  It is necessary to consider "the precise issues that are likely to be actually tried, taking into consideration the convenience of the parties and the availability of witnesses and the evidence needed for the trial of these issues."     *Id.* at 74.   The Court

---

[2]Further, although the Court has not yet conducted a full choice of law analysis, it is worth noting that if Trinidad and Tobago does not allow for vicarious liability and this case calls for application of that country's law, plaintiff would be unable to pursue her vicarious liability claim here.

should also consider "public interest factors," such as not straining the judicial resources of a community with no relationship to the events and enabling courts to apply law with which they are familiar. *Id.*

On balance, consideration of these factors does not overcome the strong presumption afforded plaintiff's choice of forum. Most of the witnesses to the accident – Pandeosingh's sister, niece, the driver and the paramedic – are in Trinidad and Tobago, as is GMRTT, the subsidiary that owned and operated the ambulance. However, the primary witness – Pandeosingh herself – is located here, as are her most recent medical records and the providers of her most recent medical care. Plaintiff states in her declaration that her injuries make travel difficult and painful. Further, plaintiff has stated her intent to seek discovery regarding defendants' company-wide safety policies and decisions, and that evidence would be found in the United States. Thus, the private interest factors do not sit determinatively on either side.

With respect to the public interest factors, this case does not appear to be of particular public importance in Trinidad and Tobago, nor do defendants claim that it poses a novel or complex issue of that country's law. While Trinidad and Tobago has an interest in adjudicating disputes arising from accidents that occur within its boundaries, "the United States courts have an interest in adjudicating matters affecting its residents," *Wiwa*, 226 F.3d at 107, and this dispute is between a United States resident and two United States

8

corporations.  Thus, the balance of conveniences is not so heavily in defendants' favor as to warrant dismissal.

### III

The Court next turns to defendants' argument that the Court lacks personal jurisdiction over them.  A federal court has personal jurisdiction over any defendant "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located," Fed. R. Civ. P. 4(k)(1)(A), so long as exercise of that jurisdiction comports with due process, *see Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 94 (2d Cir. 2000).

"Under New York law, a foreign corporation is subject to general personal jurisdiction in New York if it is 'doing business' in the state." *Wiwa*, 266 F.3d at 95; *see also* C.P.L.R. § 301 (New York's general jurisdiction statute).  This requires that it "does business in New York 'not occasionally or casually, but with a fair measure of permanence and continuity.'" *Wiwa*, 266 F.3d at 95 (quoting *Tauza v. Susquehanna Coal Co.*, 220 N.Y. 259, 267 (1917)).  The corporation's activities are viewed in the aggregate with an eye towards their "quality and nature." *Laufer v. Ostrow*, 434 N.Y.2d 305, 310 (1982).  Courts look to such factors as "whether the company has an office in the state, whether it has any bank accounts or other property in the state, whether it has a phone listing in the state, whether it does public relations work there, and whether it has individuals permanently located in the state to promote its interests." *Wiwa*, 266 F.3d at 98.

Alternately, under New York's long-arm statute, "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state" if that business gave rise to the cause of action. CPLR 302(a)(1). "By this 'single act statute' . . . proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." *Deutsche Bank Sec., Inc. v Montana Bd. of Invs.*, 7 NY3d 65, 71 (2006). The long-arm statute also provides jurisdiction where a defendant "owns, uses or possesses any real property situated within the state" and the causes of action is related to that ownership. CPLR 302(a)(4).

The complaint here alleges that GMR and AMR are alter egos, in which case jurisdiction for one would establish jurisdiction for the other. *See Transfield ER Cape Ltd. v. Industrial Carriers, Inc.*, 571 F.3d 221, 224 (2d Cir. 2009) ("In general, 'alter egos are treated as one entity' for jurisdictional purposes"). It further alleges that GMR, though headquartered in Colorado, has offices in Brooklyn. Defendants maintain that they are not alter egos, so even if one were subject to the Court's jurisdiction, that would not extend to the other. In a supporting affidavit, they maintain that neither company is incorporated in New York; that AMR does not own any property in New York and conducts business

10

here only through its subsidiaries; that GMR is not registered to do business in New York and does not conduct business here at all; and that GMR does not have offices in New York.  In her response, plaintiff notes that the defendants have not expressly denied that AMR – either directly or through alter ego subsidiaries – has employees in New York.  Similarly, defendants have not clarified whether AMR is registered to do business in New York, which is sufficient to confer jurisdiction.  *See Augsbury Corp. v. Petrokey Corp.*, 97 A.D.2d 173, 175 (3d Dept 1983) ("[A]uthorization to do business in the State and concomitant designation of the Secretary of State as its agent for service of process . . . is consent to in personam jurisdiction").

Neither the relationship between AMR and its subsidiaries nor the degree of defendants' presence in New York is clear from the material before the Court.  Where a plaintiff has failed to make a prima facie showing, but has "made a sufficient start toward establishing personal jurisdiction," limited discovery may be appropriate.  *Uebler v. Boss Media, AB*, 363 F.Supp. 2d 499, 506 (E.D.N.Y. 2005) (quoting *Stratagem Dev. Corp. v. Heron Int'l N.V.*, 153 F.R.D. 535, 547-48 (S.D.N.Y. 1994)).  Plaintiff is entitled to discovery on her jurisdictional allegations.

## IV

Accordingly, defendants' motion to dismiss on grounds of *forum non conveniens* and lack of personal jurisdiction is denied pending limited jurisdictional

11

discovery.  Leave is granted to refile at the close of that discovery.

            **SO ORDERED.**


                                    _____

                                    FREDERIC BLOCK

                                    Senior United States District Judge

Brooklyn, New York
February 15, 2012