UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SAVITRI PANDEOSINGH
      Plaintiff,

                   **SUMMARY ORDER**

   - against              09-CV-05143 (JB) (RER)

AMERICAN MEDICAL RESPONSE, INC.
GLOBAL MEDICAL RESPONSE, INC., and
EMERGENCY MEDICAL SERVICES CORP.

      Defendants.
------------------------------------------------------------X

**RAMON E. REYES, JR., U.S.M.J.:**

  On February 7, 2014, this Court awarded plaintiff attorneys' fees and costs incurred in bringing her three motions to compel the production of outstanding discovery. This award was affirmed on defendants' appeal to the District Judge. (Dkt. No. 107 at 5.) Plaintiff seeks an award in the amount of $82,187.73. (*See* Dkt. No. 93 ("Levesque Decl.") ¶¶ 8-9.)[1] Defendants complain that plaintiff's application is deficient and challenges the accuracy and reliability of the billing records submitted to the Court. (*See* Dkt. No. 94 ¶¶ 4, 5-12.) For the reasons that follow, the Court awards $21,094.35.

  A.  Reasonable Attorneys' Fees

  In fashioning a reasonable fee award, courts first look to the "lodestar," which is "'calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Hugee v. Kimso Apts.*, 852 F. Supp. 2d 281, 297 (2012) (quoting

---

[1] In plaintiff's summary of costs, she calculates $81,173.50 for attorneys' fees, which is higher than the $79,733.50 represented in Levesque's declaration. (*Compare* Dkt. No. 93-3 ("Summary of Costs") *with* Levesque Decl. ¶ 8.) This inconsistency is of no moment given that the Court reduces both the hourly rate and hours billed for each attorney, as discussed below.

*Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989)); *see also Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) ("failing to calculate [the lodestar] as the starting point is legal error"). The lodestar constitutes the "'presumptively reasonable fee.'" *Hugee*, 852 F. Supp. 2d at 297 (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008)). Courts "may adjust the lodestar when it 'does not adequately take into account a factor that may properly be considered in determining a reasonable fee.'" *Millea v. Metro-North R. Co.*, 658 F.3d at 166 (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010)). "However, such adjustments are appropriate only in 'rare circumstances,' because the 'lodestar figure [already] includes most, if not all, of the relevant factors constituting a reasonable attorney's fee.'" *Id.* (quoting *Perdue*, 559 U.S. at 552)).

  As to the hourly rate, plaintiff seeks $550 for Terry Collingsworth ("Collingsworth"), a Managing Partner; $300 for Christian Levesque ("Levesque"), a Senior Associate; $250 for Charity Ryerson ("Ryerson") and Cassandra Webster ("Webster"), both associates; $250 for Lorraine Leete ("Leete"), a contract attorney; and $125 for Lesley Wharton ("Wharton"), a paralegal. (Levesque Decl. ¶¶ 6-7.) The Court must assess the reasonableness of these requested rates against the prevailing market rate "'for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Hugee*, 852 F. Supp. 2d at 298 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). But as defendants point out, the Court is disadvantaged in doing so, since plaintiff has failed to set forth the experience and expertise of the individuals who performed work in this matter. The Court has some familiarity with Collingsworth and Levesque; but for the others, the Court has no basis to assess their qualifications, save for the

attorney profiles on the firm website. *See* CONRAD & SCHERER, http://www.conradscherer.com/ (last visited April 4, 2014). That website provides no background for Leete and Wharton.

In any event, plaintiff seeks hourly rates for her attorneys that are above that typically awarded in the Eastern District. *See Hugee*, 852 F. Supp. 2d at 298-99 ("Recent opinions from the Eastern District of New York have determined that reasonable hourly rates in this district 'are approximately $300–$450 per hour for partners, $200–$300 per hour for senior associates, and $100–$200 per hour for junior associates.") (quoting *Pilitz v. Inc. Village of Freeport*, No. 07–CV–4078 (ETB), 2011 WL 5825138, at *4 (E.D.N.Y. Nov. 17, 2011)). Based on my knowledge of the prevailing rates in the Eastern District, and due to the overall lack of evidence that the requested rates are appropriate for the experience and expertise of counsel, the Court reduces the hourly billing rate to $400 for Collingsworth; $250 for Levesque; $150 for Ryerson and Webster; $100 for Leete; and $80 for Wharton.

As to the number of hours billed, it is well established in the Second Circuit that a party seeking attorneys' fees "must document the application with contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983) Plaintiffs provided records showing that five attorneys and one paralegal expended a total of 271.87 hours on these motions. (*See* Dkt. No. 93-2 ("Time Sheets"); *see also* Summary of Costs.)[2] This number is astounding on its face and the Time Sheets do not dispel this Court's

---

[2] After reviewing the Time Sheets, the Court affirms that plaintiff's Summary of Costs accurately reflects the hours billed by each individual, except for the hours attributed to Levesque. The Court calculates 124.6 hours billed by Levesque, not the 132 hours reflected in plaintiff's Summary of Costs. The Court relies on its own calculation for purposes of this decision.

concerns that the hours are excessive. For instances of block billing, plaintiff's counsel annotated the Time Sheets in red to reflect the reasonable amount of time devoted to the motions. (Levesque Decl. ¶ 5.) Defendants rightly complain that such adjustments "raises serious questions as to the accuracy" of the Time Sheets. (Dkt. No. 94 ¶ 10; *see also id.* ¶ 6.) Additionally, the Court agrees with defendants that the Time Sheets contain vague descriptions of the work performed and reflect a trend of spending excessive time on tasks. For example, defendants' criticisms concerning the 19.6 hours devoted to the September 6, 2013 motion to compel are well-taken. (*Id.* ¶ 7.) A review of the Time Sheets provides little insight into what exactly counsel was doing for all those hours; the time entries essentially proffer the same description that counsel "review[ed] relevant case law" and "revised" the motion to compel. Such generalities appear throughout the Time Sheets.

Given these concerns regarding the accuracy of the Time Sheets, detail of the entries, and excessive billing, the Court finds an across-the-board reduction by two-thirds is warranted. (*See Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) ("Hours that are 'excessive, redundant, or otherwise unnecessary,' are to be excluded [from the fee calculation]; and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'") (internal citations omitted).

As illustrated in the table below, the Court awards plaintiff an attorneys' fee award in the amount of $19,124.99.

| Attorney | Reduced Hours | Reduced Rate | Amount |
|---|---|---|---|
| Collingsworth | 9.59 | $400 | $ 3,836.00 |
| Levesque | 41.53 | $250 | $ 10,383.33 |
| Leete | 4.33 | $100 | $ 433.33 |
| Ryerson | 13.37 | $150 | $ 2,005.00 |
| Wharton | 10.33 | $150 | $ 1,550.00 |
| Webster | 11.47 | $80 | $ 917.33 |
| | | TOTAL | $ 19,124.99 |

B.    <u>Costs</u>

Plaintiff seeks $2,454.23 for the costs incurred in connection with the November 1, 2013 and February 7, 2014 discovery hearings and provides copies of invoices and receipts to substantiate her request. (Levesque Decl. ¶ 9; Dkt. No. 93-5.) Defendants ask the Court to exclude from the fee award the time and expense for Collingsworth to attend these hearings. (Dkt. No. 94 ¶ 5.) The Court declines to do so. Given the substantive nature of the subject motion practice, and the litigious character of this action in general, a reasonable paying client would likely approve the presence of a partner at these hearings.

As to the November 1, 2013 hearing, plaintiff reasonably discounted the travel expenses for the November 1, 2013 hearing since the parties also appeared before Judge Block on that day. (Levesque Decl. ¶ 9.) The Court finds that plaintiff substantiated her reasonable costs in the amount of $354.25 for the November 1, 2013 hearing and awards this amount.

The Court cannot approve, however, the requested $2,099.98[3] for costs and expenses associated with the February 7, 2014 hearing. The travel and hotel costs appear reasonable.[4] But the Court takes issue with the $311.54 for incidentals. (*See* Dkt. No. 93-4.) Two dinner outings comprise the lionshare of this amount. (Dkt. No. 93-5 at 10.) One dinner at an upscale steakhouse appears to be for Collingsworth alone. To her credit, plaintiff claims only one-third of the total food bill, but the net $133.43 is still an unreasonable amount. So too is the requested $159.12 spent for dinner for Collingsworth and Levesque. For these two meals, respectively, the Court awards $40.00 and $80.00. With this reduction, the cost of incidentals drops to $138.99. In light of the above, the Court awards $1,969.36[5] for costs and expenses relating to the February 7, 2014 hearing.

Thus, the Court awards plaintiff attorneys' fees and costs in the amount of $21,094.35. The Court leaves it to defendants to decide among themselves the portion that each corporate entity will bear. Defendants shall remit payment by May 5, 2014.

Dated: April 7, 2014
       Brooklyn, New York

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**

---

[3] Plaintiff appears to have miscalculated. By her own numbers, the total cost should be in the amount of $2,141.91 ($41.93 + $1,042.85 + $745.59 + $311.54). (*See* Dkt. No. 93-4.)

[4] Plaintiff seeks travel expenses in the amount of $1,042.85. (Dkt. No. 93-4.) The Court calculates a higher number ($1,070.85) but awards the lower amount requested by plaintiff.

[5] This sum consists of $41.93 for printing/copying expenses, $1,042.85 for travel expenses, $745.59 for hotel expenses, and $138.99 for incidentals.